NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEIRON MARQUETT ELIAS,

        Plaintiff-Appellant,

    v.

A. LICHINOV, Correctional Officer, in
official and individual capacities,

        Defendant-Appellee.

No.    21-56103

D.C. No. 2:19-cv-07457-MWF-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted May 16, 2023[**]

Before:    BENNETT, MILLER, and VANDYKE, Circuit Judges.

California state prisoner Keiron Marquette Elias appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

excessive use of force, deliberate indifference to his serious medical needs, and

violation of his right to free exercise of religion.  We have jurisdiction under 28

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A).  We affirm.

The district court properly dismissed Elias's action because Elias failed to allege facts sufficient to show that defendant used force maliciously and sadistically against him, knew of and disregarded an excessive risk to Elias's health, or substantially burdened Elias's religious practice.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) ("A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of [his] religion."); *Clement v. Gomez*, 298 F.3d 898, 903-904 (9th Cir. 2002) (citation omitted) (discussing Eighth Amendment excessive force and medical deliberate indifference claims).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied as moot.

**AFFIRMED.**

21-56103